

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Go v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Go v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2363

**SEE EK GO; WIDYANI SUWITA,**

**Petitioners**

**v.**

**ATTORNEY GENERAL OF
THE UNITED STATES,**

**Respondent**

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency Nos. A95-378-469 and A95-378-470)

Submitted pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

Before: McKEE, CHAGARES and HARDIMAN, Circuit Judges.

(Filed: January 30, 2008 )

_____

OPINION

_____

MCKEE, <u>Circuit Judge</u>:

See Ek Go and Widyani Suwita petition for review of a decision of the Board of Immigration Appeals affirming the Immigration Judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Because substantial evidence supports the BIA's decision, we will deny the petition for review.[1]

I.

The Attorney General may grant asylum to aliens who are "refugees."  *See* 8 U.S.C. § 1158(b)(1).  Generally, a refugee is someone who demonstrates an inability or unwillingness to return to their prior country of residence "because of persecution or a well-founded fear of persecution" on account of one of five statutorily protected grounds. 8 U.S.C. § 1101(a)(42)(A).  Past persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by forces that the government is either unable or unwilling to control."  *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir.

---

[1] We have jurisdiction to review the BIA's final orders of removal pursuant to 8 U.S.C. § 1252(a).  Where, as here, the BIA affirms without opinion the IJ's decision, we review the IJ's decision. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (*en banc*). We apply the "extremely deferential" substantial evidence standard to the findings of fact. *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004). We reverse the BIA's determinations only if "the evidence not only supports a contrary conclusion, but compels it."  *Abdille v. Ashcroft*, 242 F.3d 477, 484 (3d Cir. 2001).

2003). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir.1993). Rather, it encompasses only grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id.* at 1240. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i).

The Attorney General must grant withholding of removal if he "decides that the alien's life or freedom would be threatened" in the country of removal because of one of the five protected grounds. 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of proving likelihood of persecution. *See INS v. Stevic*, 467 U.S. 407, 429-30 (1984).

See Ek Go, a native Christian Indonesian of Chinese descent, came to the United States in November of 1998 because of an economic crisis and related upheaval in Indonesia. During the riots of that year, property in petitioners' store was stolen and damaged. See Ek Go was also asked at various times for "protection" money. He testified generally that conditions are not favorable for ethnic Chinese and/or Christians in Indonesia. He does not believe he will be able to successfully operate a business in Indonesia and fears the repeat of past incidents.

As noted by the IJ, persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful. *Fatin v. INS,* 12 F.3d 1233 (3d Cir. 1993). Based on the IJ's review of all the evidence, including Department of State Country

3

Reports, he further concluded that no finding could be made that Indonesia engaged in organized or systemic persecution of Chinese Christians. *See also Lie v. Ashcroft*, 396 F.3d 530, 536–38 (3d Cir. 2005). Similarly, the record does not allow us to conclude that the IJ erred in concluding that the petitioners failed to establish that they have endured persecution, or that they have established a well founded fear of future persecution. Accordingly, the IJ did not err in denying either asylum or withholding of removal.

Petitioners' brief does not provide any separate analysis of their CAT claim. Based on our review of the record, substantial evidence supports the BIA's determination that Petitioners have not shown they are more likely than not to be tortured upon their return to Indonesia. *See Lukwago v. Ashcroft,* 329 F.3d 157, 182-83 (3d Cir. 2003).

Accordingly, we must deny this petition for review.

---